FREDERICK BENNINGER ET AL. *v.* JOHN A. GALL ET AL.

If, in an action by A. against B. and others, claiming an existing partnership, and asking for a dissolution and account between the parties, it should appear the parties had been incorporated under the general law of Ohio, and the corporate body had not been dissolved by judicial decision, the action can not be sustained.

What is evidence of the organization and existence of a corporation, and when a corporator is estopped to deny the fact of the incorporation.

Case reserved to General Term on the pleadings, a statement whereof is as follows:

The plaintiffs claim that in June, 1866, they, with the defendants named and many others, formed a copartuership under the name of the ———— Butchers' Association, the object of which was mutual protection against cattle speculators and high prices in cattle, as well as to provide

a fund by contributions from each in monthly installments of two dollars. This fund was to be used in buying cattle, to be sold only to members of the association, and the profits thus realized were to be retained to increase the fund, which was ultimately to be divided among the members.

They further claim that on several occasions they have demanded an account of the profits, and also of the capital, of such copartnership, and a settlement of its affairs, all of which have been refused. That this copartnership has been dissolved, and the funds thereof are now in the hands of George Slemmer, one of the defendants, who, in conjunction with John A. Gall and others made defendants, is now about to divide the funds, which have largely increased, ignoring the rights of the plaintiffs. They then pray that the cause may be referred to a master to state an account between the association and its members; that a receiver be appointed to take charge of the moneys and assets of the copartnership, and for a judgment for such sums as may be found due them respectively from said defendants or such of them as may be possessed of the same, and for general relief.

The defendants specially named, in their answer, deny that they, with many others, as is alleged, ever formed a copartnership with the plaintiffs under the name of the Butchers' Association or any other name, or that any copartnership ever existed between them, or that there are any partnership funds or moneys in their hands; or that the plaintiffs are entitled to any statement of account of the profits or capital of any copartnership, or entitled to any such relief as prayed for. Their answer further states, that the defendants, in conjunction with many others, on July 23, 1866, were associated together and composed a benevolent association in the county of Hamilton, and on that day, at a meeting of a majority of the members duly called for that purpose, the association elected five of their number as a board of trustees, and then and there also resolved to adopt as its name "The Association of the Butchers of Cincinnati for Mutual Protection and Relief;" and further re-

solved to become an incorporated company under the laws of Ohio, directing the secretary to make out a record of the proceedings of this meeting, to be certified and delivered to the recorder of Hamilton county for record, as provided by the statute. That the secretary did make such a record and certified the same to the recorder, and the same was duly recorded; that the record of the said proceedings bears date August 3, 1866, and on and from that day the trustees and their associate members and their successors became, and still are, invested with the powers incident to corporations aggregate; that the corporation still exists, having been organized as required by the statute; that John A. Gall is the president, and George Slemmer is treasurer thereof, and all moneys in his hands belong to the corporation and not to the plaintiffs; that the plaintiffs have each been members of the corporation, but are not now, and were not at the commencement of this action, two having ceased to be members by voluntary resignation, and one of them having been expelled for a violation of the by-laws. They further deny that the plaintiffs have any right to an account of the moneys belonging to the corporation and now in the hands of the treasurer, and say that all the acts of the defendants in the premises were done as officers and members of the corporation only.

The plaintiffs reply that no such corporation as set up by the defendants ever legally existed; that they were never members thereof, and that the members of the association never had any legal right to claim the privileges of an incorporated body.

The judge at Special Term reserved the whole case for the opinion of the court at General Term.

*Forrest & Lindemann*, for plaintiffs.

*Caldwell, Coppock & Caldwell*, for defendants.

STORER, J. The only question made by the parties on the testimony, as embodied in the bill of exceptions, is this:

Was the relation subsisting between the plaintiffs and defendants a copartnership or that of corporators?

If the members of the association were partners only, it is clear to us that the pleadings must be amended before we can claim jurisdiction to decide the questions necessarily involved in the controversy, as before any relief could be given, all the partners should be made parties, either as plaintiffs or defendants. It is not a case where a common right is involved, to protect which one or more of those intrusted in preserving it is permitted, in consequence of the multiplicity of parties, to sue for themselves as well as for those who may join in the action, but where we must determine the rights and liabilities of all by one judgment. As a discovery is sought and a reference asked of all the matters connected with the association, all who are liable to contribute should appear on the record. We can not, then, unless the proper allegations are made, be permitted to assume the power to settle a controversy when our judgment would bind only those named in the pleadings.

We can find no reported case where such a rule as that relied on by the plaintiffs has been held to exist; while the admitted principles upon which the liabilities of copartnerships, their interests and protection, must be determined, will be violated if such an anomalous course is pursued. This court has heretofore held what the true rule is, when a controversy in which a common interest is involved may be directed, though all who are interested need not be joined, in *Ruffner* v. *Commissioners of Hamilton Co.*, 1 Disney, 47, and we need not now more fully restate the rule. And the Supreme Court admit fully the doctrine in *Matheny* v. *Golden*, 5 Ohio St. 361.

It is claimed by the defendants that the parties in this litigation never were copartners, but, on the contrary, were members of a corporate body, to establish which we find in the record a certificate of the recorder of Hamilton county that the requirements of the statute authorizing the members of voluntary associations to become corporate bodies

were complied with; and the evidence of such compliance, so far as the legal existence of the corporate body is concerned, is established.

In the *Ashtabula & N. L. R. Co.* v. *Smith*, 15 Ohio St. 328, it was held that when the act to provide for the creation and regulation of incorporated companies is complied with, the corporators and their associates become a body corporate.

Subsequent to the deposit of the articles of association with the recorder, and the issuing of his certificate, the parties to this action, plaintiffs as well as defendants, met and completed their organization and complied with the duty imposed by their charter and the by-laws. They had adopted and afterward paid the installments required of the members for more than a year, giving their notes to the corporators as stipulated in the by-laws, thereby admitting the existence of the corporation, and conforming in other respects to the rules prescribed for its government.

We must hold, upon these facts, that there was a corporation, not only created by the acts of the association in causing the record to be made to which we have referred, but the subsequent conduct of the parties who now ask our intervention in their behalf. They have practically admitted the allegations of the answer, and should, on principle, be estopped from denying them in this litigation. *Trumbull County Mutual Ins. Co.* v. *Horner*, 17 Ohio, 407; *Vorhees* v. *Receivers, etc.*, 17 Ohio, 463.

The question then arises: Can there be any collateral inquiry into the power of the legislature to grant a corporate franchise, whether conferred by special enactment or by general law, as provided in the constitution?

In an action by a corporation against a defendant, who has already admitted its existence, he will not be allowed to question it. We must recognize the same rule as applying wherever it is sought voluntarily to deny the legal existence of the corporate body. We feel bound to hold, in every such case, that the legislative grant must be regarded as

Benninger et al. *v.* Gall et al.

valid while the statute conferring it is unrepealed, or the franchise has not been declared forfeited on *quo warranto*. On this ground, a defendant will not be allowed to prove that the charter was obtained by fraud, especially if the attempt to do so is made by a subscriber to the stock who accepted the charter, and assisted in putting it into operation. Angell & Ames on Corporations, 644, 645; *Charles River Bridge* v. *Warren Bridge*, 7 Pick. 344; *Bear Camp River* v. *Woodman*, 2 Maine, 404.

So if there has been an excess of corporate authority, the acts done being clearly *ultra vires*, we may resolve the question into a negation of the power, which would be but equivalent to doing similar acts without any corporate authority whatever. But such acts do not, *per sese*, avoid a charter until a forfeiture of the franchise has been first 'judicially declared. Angell & Ames, 644, and cases cited. In the case before us, the corporation was created under section 66 of the act of April 9, 1852, claiming in part the purpose of conferring benefits upon the members, not only by subserving their individual interests, by protecting them in their particular calling in a mode not inconsistent with public policy or against law, while in case of sickness or accident, aid from the common fund was to be given to the members; and we must suppose the object we have stated was regarded in good faith, and could not be intended to advance or effect any other design, and whether the officers of the corporation have fulfilled their duties or not, is not here a matter of inquiry. Sufficient is it that the body still exists which claims corporate powers, and we can not, in the collateral way now attempted by the plaintiffs, avoid their corporate acts, or by our decision virtually repeal their charter.

On the whole case, we are all of the opinion that the plaintiff can not, in this form of action, obtain the relief he seeks. The petition will be dismissed without prejudice.